# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

JAMES STEVEN LINDSEY, )
)
                Movant, )
vs. )     1:09-cv-1500-WTL-MJD
)
UNITED STATES OF AMERICA. )

## Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255 and Denying Certificate of Appealability

For the reasons explained in this Entry, the motion of James Steven Lindsey for relief pursuant to 28 U.S.C. § 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue. Lindsey's motion for a ruling [8] is **granted**.

## I. The § 2255 Motion

### A. Background

Lindsey is serving the executed portion of a sentence imposed in No. 1:08-cr-106-WTL-KPF following acceptance of his guilty plea to (2) counts of transporting child pornography, a violation of 18 U.S.C. § 2252(a)(1), and one (1) count of possession of images of minors engaging in sexually explicit conduct, a violation of 18 U.S.C. § 2252(a)(4)(B).

Lindsey did not file a direct appeal, but now seeks relief pursuant to 28 U.S.C. § 2255. He claims that he was denied the effective assistance of counsel.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

Lindsey's claims in this action are variations on a single theme–that he was denied the effective assistance of counsel.

## B. The Sixth Amendment Right to Counsel

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel–that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms" *Bobby v. Van Hook,* 130 S. Ct. 13, 16 (2009). The right to the effective assistance of counsel has been denied when the performance of counsel fell below an objective standard of reasonable professional conduct and thereby prejudiced the defense. *Yarborough v. Gentry,* 540 U.S. 1, 5 (2003) (*per curiam*) (citing *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984)). For Lindsey to establish that his "counsel's assistance was so defective as to require reversal" of his conviction or sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In determining whether counsel's performance was constitutionally deficient, the court's review of counsel's performance is "highly deferential," and the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

## C. Discussion

Lindsey had the right to the effective assistance of counsel in the plea negotiation and sentencing process. *Hill v. Lockhart,* 474 U.S. 52, 57-58 (1985); *Banks v. Hanks,* 41 F.3d 1187, 1189 (7th Cir. 1994). Lindsey argues that this right was violated because his former counsel, Attorney Zirkle, failed to: (1) appeal his sentence; (2) move for a suppression hearing; (3) have Lindsey tested to determine if Lindsey was addicted to child pornography; and (4) investigate the facts so that Lindsey could make a knowing plea or decide to go to trial. Lindsey also speculates that his former attorney was being investigated by the Indiana Supreme Court Disciplinary Commission during the time of his representation and that this prevented his attorney from "properly representing" him. He also claims that Zirkle had a conflict of interest because he had publicly spoken out against child pornography. Finally, Lindsey contends that he is entitled to an evidentiary hearing.

*1. Failure to Appeal.* Lindsey alleges that attorney Zirkle was ineffective through his failure to appeal. It is well settled that the failure on the part of defense counsel to file a direct appeal where a defendant requests such appeal is a *per se* constitutional violation. *Roe v. Flores-Ortega,* 528 U.S. 470, 477, 484 (2000); *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). Here, however, Lindsey does not allege, nor does the record show,

that he requested Zirkle to file an appeal on his behalf.[1] What the record does show is that "[t]he parties [talked] about contesting one of the Sentencing Guideline stipulations" and Lindsey was advised at least twice concerning his right to appeal, and never expressed any desire to appeal even when asked in open court. Because Lindsay has failed to provide evidence that he instructed Zirkle to file an appeal, the failure to file such an appeal does not constitute ineffective assistance of counsel. See *Tezak v. United States*, 256 F.3d 702 (7th Cir. 2001); *Rowe v. United States,* 74 Fed.Appx. 650 (7th Cir. 2003) (unpublished).

Lindsey's assertion that Zirkle misadvised him as to the merits of an appeal is rejected. The reason for this ruling is that Lindsey cannot show deficient performance or prejudice because his guilty plea was knowing and voluntary, he was sentenced at the bottom of the guideline range and there were no non-frivolous claims to raise on appeal. See *Bednarski v. United States*, 481 F.3d 530 (7th Cir. 2007). For example, Lindsey suggests that he would have appealed the sentencing court's "reliance on the then advisory aspect of the [guidelines] and in sentencing [Lindsey] to more than the minimum sentences when [Lindsey] was a first offender and the crimes to which he plead were not of a violent nature," and based on Lindsey's diminished capacity. He also claims that he would have appealed his sentence as cruel and unusual punishment. These arguments are frivolous.

At Lindsey's sentencing, the court recognized that the guidelines were only advisory but in this case found "the guidelines provide helpful and sound advice to accomplish the purposes of Section 3553(a)." Plea and Sent. Tr., p. 59. The court appropriately considered that Lindsey was a first time offender but found his crimes were violent in nature. It also found that no reduction was warranted based on the depression Lindsey allegedly was suffering due to the loss of his friend, cousin, and grandfather, and break up with his girlfriend. See USSG § 5H1.3 (mental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted); *Rita v. United States*, 551 U.S. 338, 347-51 (2007) (a sentence within the properly calculated guidelines range is reasonable, so long as the district court meaningfully considered the factors set forth in 18 U.S.C. § 3553(a)).

Lindsey's cruel and unusual punishment claim is also without merit. "The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime." *United States v. Atteberry*, 447 F.3d 562, 565(8th Cir. 2006) (citation omitted). "A sentence within the statutory limits is generally not subject to [Eighth Amendment] review." *Id.* at 565. "It is up to Congress to decide how severely different crimes should be punished." *United States v. Davey*, 550 F.3d 653, 658 (7th Cir. 2008). Lindsey's sentence fell within the statutory limits and is not grossly disproportionate to the crimes which he admitted committing.

---

[1] The declaration of Loren J. Comstock, Lindsey's current counsel, (dkt 9-1) states that he asked Lindsey "whether he requested Mr. Zirkle to file an appeal of the Court's sentence in the above cause, [and] Mr. Lindsey indicated to me he did so make such inquiry and apparently off the record and after Court on December 8, 2008." This statement is hearsay and will not be further considered to establish the truth of the matter asserted, that being that Lindsey requested that his former attorney file a direct appeal from the disposition in No. 1:08-cr-106-WTL-KPF an appeal in his criminal case. Notably absent is a sworn statement from Lindsey attesting that he directed his former counsel to file an appeal on his behalf.

Lindsey fails to show any substantial reason or non-frivolous claim that indicates that he would have appealed. In such circumstances, Lindsey cannot show deficient performance even if Zirkle advised him not to appeal.

    *2. Failure to Move for a Suppression Hearing.* "It is well established that an unconditional plea of guilty operates as a waiver of all formal defects in the proceedings, including any constitutional violations that occurred before the plea was entered." *United States v. Are*, 590 F.3d 499, 508 (7th Cir. 2009) (*quoting Gomez v. Berge*, 434 F.3d 940, 942 (7th Cir. 2006)); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (when a defendant admits in open court his guilt, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea). Lindsey's guilty plea waived his right to appeal all issues other than the validity of his plea. This waiver encompassed the right to seek the suppression of evidence. *United States v. Rogers*, 387 F.3d 925 (7th Cir. 2004) (by entering unconditional guilty plea, defendant waived right to challenge district court's denial of his suppression motion, where defendant did not assert that he was coerced into pleading guilty, did not attempt to show that his plea was involuntary, and did not suggest any misapprehension on his part that his suppression motion would survive plea). Here, Lindsey was advised of the waiver by the sentencing court. The sentencing court specifically noted that by pleading guilty Lindsey would waive "rights under the United States constitution that are designed to primarily protect [him] from being wrongfully found guilty and punished." Plea and Sent. Tr., p. 20.

    Even without this waiver, Lindsey can show no prejudice by Attorney Zirkle's failure to move to suppress the evidence.  As noted by the sentencing court:

> It seems to me self-evident that the police, without anything you told them, would have been readily in a position to routinely seek a search warrant for any computer to which you had access. That would include anything at your place of residence.
>
> I also don't really see a lack of relationship between the crime for which your were arrested at that point and what later turned up as the basis for the federal charges here. It seems to me it was a pattern of conduct that was ongoing and escalating.

Plea and Sent. Tr., p. 64.

    Because the record shows that Lindsey entered a knowing and voluntary plea, and because a motion to suppress was not likely to succeed, Lindsey can show no prejudice by Attorney Zirkle's failure to move to suppress the evidence found on Lindsey's computers and at his residence.

### 3. Evaluation for Child Pornography Addiction

    At sentencing, Attorney Zirkle argued that Lindsey was addicted to child pornography and sought a reduced sentence based on the alleged addiction. The sentencing court did not expressly reject the addiction argument. Although it did not reduce Lindsey's sentence based on an addiction, it did require Lindsey to participate in treatment

and monitoring for sex offenders.

Now, Lindsey complains that the addiction argument did not result in a reduced sentence because Attorney Zirkle failed to acquire a formal evaluation of the alleged addiction. He further claims that after sentencing, Attorney Zirkle should have sought a reduced sentence based on the alleged addiction pursuant to Rule 35 of the *Federal Rules of Criminal Procedure* ("Rule 35 Motion"). However, there is nothing in the record to support that a formal evaluation would have resulted in a reduced sentence. Even now Lindsey cites to no case that holds that a formal evaluation concluding that a defendant is addicted to child pornography warrants a reduced sentence. Moreover, within its sound discretion, the sentencing court considered the factors set forth in Section 3553(a) and selected a sentence that it believed achieved the purposes of that statute.

Because Lindsey can show no prejudice by Attorney Zirkle's failure to acquire a formal evaluation as to whether Lindsey was addicted to child pornography, his claim of ineffective assistance fails.

### 4. Failure to Investigate

Lindsey claims that his plea of guilty was unknowing because Zirkle failed to investigate. As part of that argument, Lindsey speculates that Zirkle was being investigated by the Indiana Supreme Court Disciplinary Commission during the time of his representation which prevented him from "properly representing" Lindsey and that Attorney Zirkle had a conflict of interest because he allegedly publicly spoke out against child pornography. Lindsey implies that these circumstances prevented Zirkle from conducting an investigation and led Lindsey to enter his plea of guilty unknowingly.

To show prejudice from an alleged failure to investigate, the defendant must state with specificity what the investigation would have revealed and how it would have altered the outcome of the proceedings. *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987) ("When the allegation of the ineffectiveness of counsel centers on a supposed failure to investigate, we cannot see how . . . the petitioner's obligation can be met without a comprehensive showing as to what the investigation would have produced."). In the sentencing context, the defendant must demonstrate that the alleged failure to investigate created a reasonable probability that his sentence would have been less harsh.

Here, Lindsey does not identify what an investigation would have produced that would have changed his plea of guilty to a plea of not guilty or reduced his sentence. *DeRobertis*, 811 F.2d at 1016. Lindsey's admission to possessing over 600 images of child pornography is sufficient reason for Zirkle to have foregone further investigation into the number and the type of images. Moreover, Lindsey fails to show any reasonable probability that he would have pled not guilty or that his sentence would have been less harsh had there been further investigation.

A defendant claiming ineffective assistance of counsel because of a conflict of interest must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *See Mickens v. Taylor*, 535 U.S.162, 172 n.5 (2002 ("[a]n 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's

performance."). If a defendant can demonstrate an actual conflict of interest, prejudice under *Strickland* is presumed. *Strickland*, 466 U.S. at 692. A potential conflict arises when the defense attorney is "required to make a choice advancing his own interests to the detriment of his client's interests." *Daniels v. United States*, 54 F.3d 290, 294 (7th Cir. 1995).

In this case, Lindsey fails to show any conflict of interest on the part of Zirkle. He sets forth no specific statement or action by Zirkle that exhibits a conflict of interest. *Mickens v. Taylor*, 535 U.S. at 172 n.5. Any personal disapprobation on the part of Zirkle towards Lindsey's criminal conduct is not, standing alone, ineffective assistance. Lindsey's bald assertions are insufficient to show prejudice. *Barkauskas v. Lane*, 946 F.2d 1292, 1295 (7th Cir. 1991) ("Bald allegations of prejudice are insufficient to demonstrate ineffective assistance of counsel.").

Further, Lindsey acknowledged that he was satisfied with the services of his counsel. During the proceedings there was no suggestion that Lindsey was disappointed by Zirkle's representation or that there was a conflict of interest of any kind by anyone. Even now, Lindsey only speculates that Zirkle was preoccupied with a disciplinary proceeding and that he spoke out against child pornography. As to the alleged disciplinary proceeding, Lindsey attaches to his 2255 Motion a letter on his parents' letterhead dated September 27, 2009, complaining to the Indiana Supreme Court Disciplinary Commission about Zirkle's representation. The allegations contained in the letter are not provided under the penalties of perjury. As to his conflict of interest allegation, Lindsey attaches to his 2255 Motion a web page from Wikipedia, which is not a definitively reliable source of information. *See Campbell v. Sec'y of Health & Human Servs*, 69 Fed. Cl. 775, 781 (2006) (questioning the reliability of Wikipedia). The Wikipedia web page states that as a candidate for public office Zirkle strongly opposed pornography. However, neither the unsworn allegations in the letter nor the Wikipedia web page undermine the competent advocacy Zirkle demonstrated in the pleadings presented in court on Lindsey's behalf, or in the courtroom. There is nothing in the record establishing that the alleged disciplinary action or Zirkle's opposition to child pornography were a detriment to Lindsey's interests.

Because Lindsey fails to show any resulting prejudice by Zirkle's alleged failure to investigate, the alleged disciplinary investigation, or the alleged opposition to child pornography, his ineffective assistance of counsel claim shall be denied. The Seventh Circuit has unequivocally stated that unsubstantiated and conclusory statements do not support ineffective assistance of counsel claims. *See, e.g., United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005). As *Turcotte* notes, a defendant bears the burden of proof and persuasion in establishing an ineffective assistance of counsel claim, *id.,* and "conclusory allegations do not satisfy *Strickland's* prejudice component." *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002) (citing *United States v. Boyles,* 57 F.3d 535, 550 (7th Cir. 1995)).

## D. Evidentiary Hearing

Lindsey contends that an evidentiary hearing is necessary so that Zirkle can testify about the alleged disciplinary investigation and whether the alleged investigation prevented him from adequately representing Lindsey. Generally an evidentiary hearing is not required in a post-conviction proceeding where the "motion and the files and the records of the case

conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). That is the case here. Even when Lindsey's sworn allegations of fact are taken as true (although conclusory statements, statements that conflict with the record, and statements that are "inherently incredible" need not be considered) the records of this case conclusively show that Lindsey is not entitled to relief. *Owens v. United States*, 483 F.3d 48, 57 (1st Cir. 2007).

There is simply nothing in the Petition to Enter a Plea of Guilty, the Plea Agreement, or the colloquy at the plea and sentencing hearing to suggest that Zirkle was unable to adequately and competently represent Lindsey or that he failed to do so. Significantly, Lindsey expressly acknowledged that he was satisfied with Zirkle's representation. All of Lindsey's claims have been fully and fairly evaluated on the existing record. Because there is no issue that a hearing would elucidate, no evidentiary hearing is necessary.

### E. Conclusion

The Seventh Circuit noted in *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002):

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds."

The court finds for the reasons explained in this Entry that Lindsey has failed to show that he is entitled to the relief he seeks and that his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue.

### II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Lindsey has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED**.

Date: 03/08/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana